■ ANTHONY GALASSA et al., Respondents-Appellants, v LIZDA REALTY, LTD., Appellant, and EXETER BUILDING CORP., Defendant and Third-Party Plaintiff-Respondent-Appellant. SUB-TRIBORO CONTRACTING, INC., Third-Party Defendant-Respondent-Appellant; DEER PARK STAIR BUILDING & MILL WORK CO., INC., Third-Party Defendant-Appellant; CARL GENTILE HEATING & AIR CONDITIONING, Third-Party Defendant-Respondent. [796 NYS2d 682]—

In an action to recover damages for personal injuries, etc., the third-party defendant Deer Park Stair Building & Mill Work Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Oliver, J.), dated January 26, 2004, as denied its motion for summary judgment dismissing the third-party complaint and all cross claims insofar

as asserted against it, the defendant Lizda Realty, Ltd., and the defendant third-party plaintiff, Exeter Building Corp., separately appeal, as limited by their notice of appeal and brief, from so much of the same order as denied those branches of the cross motion of Exeter Building Corp. which were for summary judgment dismissing the plaintiffs' Labor Law § 200 and common-law negligence causes of action insofar as asserted against it, and the plaintiffs also appeal, and the third-party defendant Sub-Triboro Contracting Inc., separately appeals from the order.

Ordered that the appeal by Lizda Realty, Ltd., is dismissed, without costs or disbursements, on the ground that it is not aggrieved by the portion of the order it appealed from (see CPLR 5511); and it is further,

Ordered that the appeals by the plaintiffs and the third-party defendant Sub-Triboro Contracting, Inc., are dismissed, without costs or disbursements, as abandoned (see 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs by the defendant third-party plaintiff, Exeter Building Corp., and one bill of costs payable to the defendant third-party plaintiff, Exeter Building Corp., by the third-party defendant Deer Park Stair Building & Mill Work Co., Inc.

The plaintiff Anthony Galassa allegedly was injured when a staircase he was descending collapsed. At the time of the accident, Galassa was inspecting a model home at a construction site in preparation for the installation of duct work pursuant to his employment with the third-party defendant Carl Gentile Heating & Air Conditioning. Galassa and his wife (asserting derivative claims) commenced this action against Lizda Realty, Ltd., the owner of the premises, and Exeter Building Corp. (hereinafter Exeter), the managing agent and general contractor for the project, alleging, inter alia, violations of Labor Law §§ 240 and 200. Exeter commenced a third-party action against, among others, Deer Park Stair Building & Mill Work Co. (hereinafter Deer Park), the manufacturer of the staircase.

Contrary to Exeter's contention, the Supreme Court properly denied those branches of its cross motion which were for summary judgment dismissing the plaintiffs' Labor Law § 200 and common-law negligence causes of action insofar as asserted against it. There are questions of fact as to whether Exeter exercised the requisite supervision or control over the work and whether it had actual or constructive notice of the allegedly defective and dangerous condition of the staircase (see *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343 [1998]; *Kerins v Vassar*

*Coll.*, 15 AD3d 623 [2005]; *Singleton v Citnalta Constr. Corp.*, 291 AD2d 393 [2002]).

The Supreme Court also correctly denied Deer Park's motion for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it. In support of its motion, Deer Park failed to establish, prima facie, that there was no defect in the manufacturing of the stairs, or, if there was a defect, that it was not a proximate cause of the alleged damages (*see Mennerich v Esposito*, 4 AD3d 399 [2004]; *Larkin Trucking Co. v Lisbon Tire Mart*, 185 AD2d 614, 615 [1992]). H. Miller, J.P., Ritter, Goldstein and Spolzino, JJ., concur.