■ JERMAINE JACKSON, Respondent, v TIDE WAY HOMES, INC., Defendant and Third-Party Plaintiff-Respondent. ANGEL ASSOCIATES, INC., Doing Business as STAIRBUILDERS BY A&A, INC., Also Known as STAIRBUILDERS BY B&A, INC., Defendant and Third-Party Defendant-Appellant, et al., Defendant. [878 NYS2d 452]—

In an action to recover damages for personal injuries, the defendant and third-party defendant Angel Associates, Inc., doing business as Stairbuilders By A&A, Inc., also Known as Stairbuilders by B&A, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated November 26, 2007, as denied that branch of its motion which was for summary judgment dismissing the cause of action alleging negligence and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly was injured when a staircase he was ascending collapsed. At the time of the accident, he was installing tiles in a house that was part of a new housing development. He commenced this action against, inter alia, the defen-

dant and third-party defendant Angel Associates, Inc., doing business as Stairbuilders By A&A, Inc., also known as Stairbuilders by B&A, Inc. (hereinafter Stairbuilders), the manufacturer of the staircase, asserting causes of action to recover damages for, inter alia, negligence.

The Supreme Court correctly denied that branch of Stairbuilders' motion which was for summary judgment dismissing the negligence cause of action insofar as asserted against it. In support of its motion, Stairbuilders failed to establish, prima facie, that there was no defect in the manufacturing of the stairs, or, if there was a defect, that it was not a proximate cause of the alleged damages (*see Galassa v Lizda Realty, Ltd.*, 18 AD3d 809, 811 [2005]).

Stairbuilders' argument that evidence was spoliated was raised for the first time in its reply papers, and therefore is not properly before this Court (*see Costello v Zaidman*, 58 AD3d 593 [2009]; *LaFemina v LaFemina*, 57 AD3d 856 [2008]; *Murphy v Town of Hempstead*, 56 AD3d 631 [2008]; *Johnston v Continental Broker-Dealer Corp.*, 287 AD2d 546 [2001]).

Stairbuilders' remaining contentions are without merit. Fisher, J.P., Miller, Chambers and Austin, JJ., concur. [*See* 2007 NY Slip Op 33830(U).]