■ Schwarz Supply Source, Appellant, v Redi Bag USA, LLC, Respondent. [881 NYS2d 900]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered January 2, 2009, as granted those branches of the defendant's motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and Business Corporation Law § 1312 (a).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs to the defendant.

A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint based on documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314, 326 [2002]; *see Leon v Martinez,* 84 NY2d 83, 88 [1994]; *Long v Allen AME Transp. Corp.,* 43 AD3d 1114 [2007]; *Sheridan v Town of Orangetown,* 21 AD3d 365 [2005]; *Scadura v Robillard,* 256 AD2d 567 [1998]). Here, the causes of action, inter alia, to recover damages for breach of contract were not definitively refuted by any documentary evidence presented by the defendant. Therefore, that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) should have been denied.

However, the Supreme Court correctly granted that branch of the defendant's motion which was to dismiss the complaint pursuant to Business Corporation Law § 1312 (a). The defendant demonstrated that the plaintiff's activities in New York were not simply "casual or occasional," but rather were "systematic and regular" and essential to its corporate business and, therefore, the plaintiff was "doing business" in New York without having obtained the requisite authorization to do so. Accordingly, the plaintiff was barred from maintaining an ac-

tion in New York (*see Highfill, Inc. v Bruce & Iris, Inc.,* 50 AD3d 742 [2008]; *cf. Airline Exch. v Bag,* 266 AD2d 414 [1999]; *S & T Bank v Spectrum Cabinet Sales,* 247 AD2d 373 [1998]). Rivera, J.P., Miller, Balkin and Austin, JJ., concur. [*See* 2008 NY Slip Op 33490(U).]