■ ELM SEA REALTY CORP., Respondent, v EMILY CHICOY et al., Appellants, et al., Defendant. [892 NYS2d 163]—

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the

facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]). Applying these principles, the Supreme Court correctly determined that the complaint sufficiently stated causes of action to recover the funds held in the escrow accounts. Accordingly, the court properly denied that branch of the appellants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7).

"To succeed on a motion to dismiss [a complaint] pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Teitler v Pollack & Sons*, 288 AD2d 302 [2001]; *see Leon v Martinez*, 84 NY2d at 88). The Supreme Court correctly determined that the documentary evidence submitted by the appellants did not conclusively dispose of the plaintiff's claims. Accordingly, the court properly denied that branch of the appellants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

The Supreme Court also properly granted the plaintiff's cross motion for summary judgment on the first cause of action, which was to recover certain funds being held in one of the two subject escrow accounts pending the delivery of certificates of completion of certain work performed on the appellants' house. The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) by establishing that it performed its obligations under the escrow agreement by providing the defendants with the certificates. In opposition, the appellants failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The appellants attempted to demonstrate that the escrow agreement was invalid because it involved funds that the appellants were obligated to pay pursuant to a home improvement contract, and because the plaintiff was not a licensed home improvement contractor. Although the appellants demonstrated that they entered into a contract with the plaintiff that was, in essence, both a contract for the sale of real property and a home improvement contract, the plaintiff never acted as a home improvement contractor and, thus, did not need to be licensed as such (*see Savitt v Lambrakis*, 226 AD2d 520, 520-521 [1996]; *American Fire Restoration v Gdanski*, 216 AD2d 429, 430 [1995]).

The appellants' remaining contentions are without merit. Prudenti, P.J., Covello, Lott and Sgroi, JJ., concur. 