■ ALBERT SUCHMACHER et al., Respondents, v MANANA GROCERY et al., Defendants, and CARMEN WEBB, Appellant. [900 NYS2d 686]—

In an action to recover damages for personal injuries, etc., the defendant Carmen Webb appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated July 28, 2009, which denied her motion pursuant to CPLR 3211 (a) (1) to dismiss the amended complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

A CPLR 3211 (a) (1) motion to dismiss based on documentary evidence may be appropriately granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Fontanetta v John Doe 1*, 73 AD3d 78 [2010]; *Lucia v Goldman*, 68 AD3d 1064 [2009]; *Elm Sea Realty Corp. v Chicoy*, 68 AD3d 1047 [2009]; *Schwarz Supply Source v Redi Bag USA, LLC*, 64 AD3d 696 [2009]). Although documents such as deeds, which reflect out-of-court transactions and are essentially unassailable, qualify as "documentary evidence" within the intended scope of CPLR 3211 (a) (1), affidavits and deposition testimony do not (*see Fontanetta v John Doe 1*, 73 AD3d 78 [2010]).

Here, even if a 1995 deed by which the appellant transferred, to her son, the title of the premises at which the subject accident allegedly occurred were sufficient to conclusively establish that the appellant did not own the premises on the date of the accident, the appellant failed to offer any qualifying documentary evidence to refute the plaintiffs' allegation that

she "operated, managed and controlled" the premises. Accordingly, the Supreme Court properly denied the appellant's motion pursuant to CPLR 3211 (a) (1) to dismiss the amended complaint insofar as asserted against her (*see Fontanetta v John Doe 1*, 73 AD3d 78 [2010]; *Lucia v Goldman*, 68 AD3d 1064 [2009]; *Elm Sea Realty Corp. v Chicoy*, 68 AD3d 1047 [2009]; *Schwarz Supply Source v Redi Bag USA, LLC*, 64 AD3d 696 [2009]). Dillon, J.P., Miller, Dickerson and Chambers, JJ., concur.