INTEGRATED CONSTRUCTION SERVICES, INC., Respondent, v SCOTTSDALE INSURANCE COMPANY, Appellant. [920 NYS2d 166]—

The plaintiff, Integrated Construction Services, Inc. (hereinafter Integrated), a construction company, purchased a commercial general liability insurance policy (hereinafter the CGL insurance policy) from the defendant, Scottsdale Insurance Company (hereinafter Scottsdale), for a period that began in 2006 and ended in 2007. Starting in February 2009, Integrated received four identical letters from an attorney's office stating that it represented a worker who allegedly had been injured while working at one of its work sites in 2006, during the time of coverage. The four letters were dated February 7, 2009, April 28, 2009, May 26, 2009, and July 10, 2009, respectively. However, these letters listed the accident site as "356 88th Street, New York, New York," whereas the correct address was 360 East 88th Street, New York, New York, and the letters did not specifically state the employer of the injured worker. In a letter dated July 7, 2009, Integrated was informed by a claims service of its duty to defend and indemnify the owner and managing agent of the 360 East 88th Street property in an underlying personal injury action concerning the injured worker. This letter also listed the correct work site address and stated that the injured worker had been employed by one of Integrated's subcontractors, Rockledge Scaffold Corp. A claim was subsequently made by Integrated on August 24, 2009, for Scottsdale to defend and indemnify it. In a letter dated September 23, 2009, Scottsdale denied coverage on the basis that Integrated had failed to notify it "as soon as practicable" pursuant to the CGL insurance policy. Thereafter, Integrated commenced this declaratory judgment action against Scottsdale, seeking to obligate Scottsdale to defend and indemnify it.

According to Integrated's complaint and its president's affidavit, its president believed the letters from the attorney's office were sent in error, as they listed an incorrect address and identified an injured worker with whom the president was not familiar. Nevertheless, the president had attempted to contact, via telephone, the attorney who sent the letters, with no success, and also sent at least two letters to this attorney, stating that he thought the letters had been sent to Integrated in error. Thereafter, upon receiving the July 7, 2009, claims service letter, he undertook an investigation and a claim was made by Integrated to Scottsdale on August 24, 2009.

Scottsdale subsequently moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (1) on the basis of documentary evidence, and pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The Supreme Court, among other things, denied those branches of the motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), and Scottsdale appeals. We affirm the order insofar as appealed from.

"In determining a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must afford the pleading a liberal construction, accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Feldman v Finkelstein & Partners, LLP*, 76 AD3d 703, 704 [2010] [citations omitted]; *see Sokol v Leader*, 74 AD3d 1180, 1180-1181 [2010]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Additionally, "[a] court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (*Well v Yeshiva Rambam*, 300 AD2d 580, 580 [2002]). The Supreme Court properly denied that branch of Scottsdale's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7), as Integrated stated a cause of action that it was entitled to a judgment declaring that Scottsdale is obligated to defend and indemnify it in the underlying action pursuant to the CGL insurance policy and, contrary to Scottsdale's contentions, Integrated has adequately pleaded that any delay in giving Scottsdale notice was reasonable under the circumstances (*see Seneca Ins. Co. v W.S. Distrib., Inc.*, 40 AD3d 1068 [2007]; *see also U.S. Underwriters Ins. Co. v Carson*, 49 AD3d 1061 [2008]; *Genova v Regal Mar. Indus.*, 309 AD2d 733, 734 [2003]).

Further, the Supreme Court properly denied that branch of Scottsdale's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint based on a defense founded upon documentary evidence. A motion to dismiss a complaint pursu-

ant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law (*see Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996 [2010]; *Fontanetta v John Doe 1*, 73 AD3d 78, 83 [2010]; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). "In order for evidence to qualify as 'documentary,' it must be unambiguous, authentic, and undeniable" (*Granada Condominium III Assn. v Palomino*, 78 AD3d at 996-997, quoting *Fontanetta v John Doe 1*, 73 AD3d at 84-86). "Neither affidavits, deposition testimony, nor letters are considered 'documentary evidence' within the intendment of CPLR 3211 (a) (1)" (*Granada Condominium III Assn. v Palomino*, 78 AD3d at 997). The letters from the attorney and claims service relied upon by Scottsdale do not constitute "documentary evidence" for the purposes of CPLR 3211 (a) (1). Angiolillo, J.P., Florio, Belen and Miller, JJ., concur.