■ YESHIVA CHASDEI TORAH et al., Appellants, v DELL EQUITY, LLC, et al., Respondents, et al., Defendants. [935 NYS2d 33]—

"On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired. The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (*Rakusin v Miano*, 84 AD3d 1051, 1052 [2011]; *see Swift v New York Med. Coll.*, 25 AD3d 686, 687 [2006]). Here, although the Supreme Court properly concluded that this action was one to foreclose on a mortgage pursuant to RPAPL article 13, which has a six-year statute of limitations (*see* CPLR 213 [4]), and not, as alleged in the complaint, one pursuant to RPAPL article 15, it erred in granting that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against them on the ground that the action was time-barred. The defendants failed to establish, prima facie, the accrual date of the foreclosure cause of action (*see Romanelli v Disilvio*, 76 AD3d 553, 555 [2010]).

The Supreme Court also erred in granting that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) based on the documentary evidence. In order to be considered

documentary, the evidence "must be unambiguous and of undisputed authenticity" (*Fontanetta v John Doe 1*, 73 AD3d 78, 86 [2010]), that is, it must be "essentially unassailable" (*Suchmacher v Manana Grocery*, 73 AD3d 1017, 1017 [2010]). Here, the satisfaction of mortgage was not "unambiguous and of undisputed authenticity," as two different versions of it were produced, one indicating that the mortgage principal was $40,000 and the other indicating that the mortgage principal was $400,000.

The defendants' remaining contention regarding the "presumption of payment" was raised for the first time in their reply brief on appeal and, thus, is not properly before this Court (*see Jackson v Tide Way Homes, Inc.*, 62 AD3d 754, 755 [2009]). Mastro, A.P.J., Chambers, Austin and Cohen, JJ., concur.