■ FLUSHING SAVINGS BANK, FSB, Appellant, v RAHIM SIUNYKALIMI et al., Respondents, et al., Defendants. [941 NYS2d 719]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated January 13, 2011, which, in effect, granted that branch of the motion of the defendants Rahim Siunykalimi and 1490 Bedford, LLC, which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against them on the condition that they satisfy mortgage arrears in the sum of $54,921.62 on or before February 3, 2011.

Ordered that the order is reversed, on the law, with costs, and that branch of the motion of the defendants Rahim Siunykalimi and 1490 Bedford, LLC, which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against them is denied.

The defendant Rahim Siunykalimi, the manager and sole member of the defendant 1490 Bedford, LLC (hereinafter together the defendants), purchased real property in Brooklyn at a foreclosure auction and took title by referee's deed. Siunykalimi gave a mortgage on the premises to the plaintiff, Flushing Savings Bank, FSB, securing a mortgage note in the principal sum of $517,000. The note provided, among other things, that the mortgage holder could opt to accelerate the

debt after an obligor's default in paying any installment of principal and interest. The plaintiff alleged that Siunykalimi first defaulted on February 1, 2010. Thereafter, the plaintiff elected that the entire principal balance, along with all additional fees, should become immediately due and payable in full. The plaintiff then commenced this action to foreclose on the subject property. Shortly thereafter, the mortgage was assigned to Bedford Partners, 2010, LLC.

Prior to serving an answer, the defendants moved, inter alia, pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against them. The defendants averred that Siunykalimi timely tendered monthly mortgage payments to the plaintiff, but that the plaintiff failed to cash the checks, and was therefore not entitled to accelerate the debt. In support of their motion, the defendants submitted, inter alia, documentary evidence consisting of bank statements for the relevant period and copies of the allegedly tendered checks. The defendants also submitted the affidavit of Siunykalimi's sister, who alleged that she personally mailed the checks to the plaintiff. The Supreme Court, in effect, granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against them on the condition that they remit payment for all of the missing monthly payments due through February 2011 by a specified date. The plaintiff, by its successor in interest, Bedford Partners, 2010, LLC, appeals, and we reverse.

"A party seeking dismissal on the ground that its defense is founded upon documentary evidence pursuant to CPLR 3211 (a) (1) has the burden of submitting documentary evidence that resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Mazur Bros. Realty, LLC v State of New York*, 59 AD3d 401, 402 [2009] [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Epifani v Johnson*, 65 AD3d 224, 229-230 [2009]). However, not all printed materials constitute documentary evidence under CPLR 3211 (a) (1) (*see Fontanetta v John Doe 1*, 73 AD3d 78, 84-85 [2010]). "In order to be considered documentary, the evidence must be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable" (*Yeshiva Chasdei Torah v Dell Equity, LLC*, 90 AD3d 746, 746-747 [2011] [citation and internal quotation marks omitted]).

Here, the defendants submitted copies of checks that allegedly were tendered to the plaintiff, but never cashed. The defendants also submitted bank statements indicating that these contested checks were spread out among a sequence of checks

that were indeed cashed. However, this evidence did not conclusively dispose of the plaintiff's claim, because it was not unassailable proof that Siunykalimi did not default on the loan. Contrary to the defendants' contention, the affidavit of Siunykalimi's sister, in which she claimed that she personally mailed the contested checks, was not properly considered by the Supreme Court, since affidavits do not constitute documentary evidence for the purposes of a motion to dismiss pursuant to CPLR 3211 (a) (1) (*see HSBC Bank, USA v Pughkem*, 88 AD3d 649, 651 [2011]; *Berger v Temple Beth-El of Great Neck*, 303 AD2d 346, 347 [2003]). Accordingly, the Supreme Court should not have granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1). Skelos, J.P., Eng, Belen and Cohen, JJ., concur.