*681 In October 2005, the plaintiff, Midorimatsu, Inc., as tenant, and the defendant Hui Fat Company (hereinafter HFC), as landlord, entered into a 10-year lease (hereinafter the lease) for the premises at 111-14 and 111-16 Queens Boulevard, known as 111-06/20 Queens Boulevard (hereinafter the premises). According to the lease, the plaintiff was to use the premises as a Japanese/Chinese restaurant. The plaintiff intended to operate its restaurant at a capacity of about 150 persons. The plaintiff opened its restaurant in January 2006, but, beginning in September 2006, it was repeatedly cited for not having a “Public Assembly Permit,” which is required for “Placets] of Assembly” (Administrative Code of City of NY §§ 27-232, 27-525.1 et seq.). Eventually, the plaintiff commenced this action against HFC alleging two causes of action. The first cause of action alleges “breach of implied covenant to engage in structural repairs and alteration in compliance with regulations.” In substance, the plaintiff alleged that, under New York law, the owner of real property is required to bear the cost of structural changes to bring its property into compliance with legal requirements, unless the parties expressly agree that the tenant will bear those costs. The plaintiff contended that the lease did not expressly make it responsible for those costs. The second cause of action alleged fraud. The plaintiff alleged that, despite knowing that the previous tenant had been cited for not having a Place of Assembly permit, and knowing that the previous tenant had been ordered to reduce the capacity of its restaurant, HFC orally represented to the plaintiff before the lease was signed that the building was in compliance with regulations and that the plaintiff could therefore operate a restaurant at the desired capacity.
HFC filed a pre-answer motion to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1) and (7) and 3016 (b). The Supreme Court granted that branch of the motion which was pursuant to CPLR 3211 (a) (1) and denied, as academic, the remaining branches of the motion. The plaintiff appeals.
CPLR 3211 (a) (1) provides that a defendant may move to dismiss a cause of action on the ground that “a defense is founded upon documentary evidence.” A CPLR 3211 (a) (1) motion may be granted “only where the documentary evidence ut *682 terly refutes plaintiff’s factual allegations, conclusively establishing a defense as a matter of law” (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see Leon v Martinez, 84 NY2d 83, 88 [1994]; Cervini v Zanoni, 95 AD3d 919, 920-921 [2012]; Fontanetta v John Doe 1, 73 AD3d 78, 83-84 [2010]; Lucia v Goldman, 68 AD3d 1064 [2009]; Elm Sea Realty Corp. v Chicoy, 68 AD3d 1047 [2009]; Schwarz Supply Source v Redi Bag USA, LLC, 64 AD3d 696 [2009]). Materials that clearly qualify as “documentary evidence” include “documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are ‘essentially undeniable’ ” (Fontanetta v John Doe 1, 73 AD3d at 84-85, quoting Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:10).
Here, the lease expressly makes the plaintiff responsible for the cost of making structural repairs or alterations necessary to bring the building into compliance with, among other things, the Administrative Code of the City of New York, if those structural repairs or alterations arise out of the plaintiffs “manner of use” of the premises. While, under the terms of the lease, the plaintiffs use of the premises as a restaurant does not, in itself, relate to the “manner of use” of the premises, the plaintiff’s operation of the restaurant with a capacity of 75 persons or greater requires a Public Assembly Permit, which does relate to the “manner of use” of the premises. Consequently, under the express terms of the lease, the plaintiff is required to pay the cost of the structural changes necessary in order to obtain a Public Assembly Permit. Thus, since the lease constitutes documentary evidence establishing a defense as a matter of law to the plaintiffs first cause of action, the Supreme Court correctly granted that branch of HFC’s motion which was pursuant to CPLR 3211 (a) (1) to dismiss that cause of action insofar as asserted against it.
The Supreme Court erred, however, in granting that branch of HFC’s motion which was pursuant to CPLR 3211 (a) (1) to dismiss the second cause of action insofar as asserted against it. Consideration of parol evidence as to fraudulent misrepresentations is permissible despite the presence of a merger clause in a contract (see Sabo v Delman, 3 NY2d 155, 161 [1957]). Notably, there is no express statement in the lease that the parties disclaim reliance on oral representations (cf. Danann Realty Corp. v Harris, 5 NY2d 317, 320-321 [1959]; Yellow Book Sales & Distrib. Co., Inc. v Hillside Van Lines, Inc., 98 AD3d 663 [2012]; Tarantul v Cherkassky, 84 AD3d 933, 934 [2011]; Laxer v Edelman, 75 AD3d 584, 586 [2010]; Valassis Communications *683 v Weimer, 304 AD2d 448, 448-449 [2003]). Consequently, the lease provisions are not a bar to consideration of the alleged oral misrepresentations made by HFC.
In light of the above determination, that branch of HFC’s motion which was pursuant to CPLR 3211 (a) (7) and 3016 (b) to dismiss the second cause of action insofar as asserted against it is no longer academic, and thus, we remit the matter to the Supreme Court, Queens County, for a determination of that branch of the motion on the merits. Dillon, J.E, Balkin, Belen and Chambers, JJ., concur.