In an action, inter alia, for a judgment declaring that the subject premises described in a lease between the parties included a portion of the property that the plaintiff had sublet to a third party, the plaintiff appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated March 5, 2012, which granted the defendant’s motion pursuant to CELR 3211 (a) (1) to dismiss the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion to dismiss the complaint is denied.
The defendant is the owner of a parcel of land containing several commercial buildings. The plaintiff subleased a store (hereinafter Store E) from the defendant’s former tenant, Albion Eroperty Management, LLC (hereinafter Albion). The plaintiff sublet a portion of Store E to Chen’s Construction Inc. (hereinafter Chen). After Albion was evicted by the defendant, the defendant entered into a direct lease with the plaintiff. The *841 plaintiff continued to sublease a portion of Store E to Chen. The defendant subsequently leased the store next door (hereinafter Store D) to a new tenant. In that lease, the defendant included the part of Store E of which Chen was in possession as storage space for Store D. The defendant subsequently evicted Chen from the space it had been occupying.
The plaintiff commenced this action, inter alia, for a judgment declaring that the subject premises described in the lease between the parties included the portion of the property that the plaintiff had sublet to Chen. The defendant moved pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that it had a defense based on documentary evidence. The parties each submitted a copy of the lease with a copy of a diagram purporting to depict the subject premises. However, the parties’ respective copies of the lease were in conflict with each other, as the defendant’s copy indicated that the subject space was not included in the subject premises, while the plaintiffs copy indicated that it was part of the premises. The Supreme Court granted the defendant’s motion to dismiss the complaint based upon the documentary evidence.
The Supreme Court should have denied the defendant’s motion to dismiss the complaint. Dismissal pursuant to CPLR 3211 (a) (1) is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law (see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner, 96 NY2d 300, 303 [2001]; Leon v Martinez, 84 NY2d 83, 88 [1994]; Yellow Book Sales & Distrib. Co., Inc. v Hillside Van Lines, Inc., 98 AD3d 663 [2012]). A motion to dismiss based on documentary evidence may be granted only where such documentary evidence utterly refutes the plaintiffs factual allegations (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 844-845 [2012], lv denied 20 NY3d 857 [2013]; Midorimatsu, Inc. v Hui Fat Co., 99 AD3d 680, 681-682 [2012]; Yusin v Saddle Lakes Home Owners Assn., Inc., 73 AD3d 1168, 1170 [2010]), resolves all factual issues as a matter of law, and conclusively disposes of the claims at issue (see Rodeo Family Enters., LLC v Matte, 99 AD3d 781, 782 [2012]; does Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714 [2012]; Parekh v Cain, 96 AD3d 812, 814-815 [2012]).
The documentary evidence submitted by the defendant did not refute the plaintiffs factual allegations, resolve all factual issues, and dispose of the plaintiff’s claim. To be considered documentary evidence within the meaning of CPLR 3211 (a) (1), the evidence must be unambiguous and of undisputed *842 authenticity (see Norment v Interfaith Ctr. of N.Y., 98 AD3d 955 [2012]; Parekh v Cain, 96 AD3d at 815; Flushing Sav. Bank, FSB v Siunykalimi, 94 AD3d 807, 808 [2012]; Yeshiva Chasdei Torah v Dell Equity, LLC, 90 AD3d 746, 746-747 [2011]; Fontanetta v John Doe 1, 73 AD3d 78, 86 [2010]). Here, the parties dispute the authenticity of the purported documentary evidence, each claiming that their copy of the lease is the authentic one (see Yeshiva Chasdei Torah v Dell Equity, LLC, 90 AD3d at 747). Accordingly, the Supreme Court should have denied the defendant’s motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint.
Mastro, J.E, Rivera, Chambers and Miller, JJ., concur.