■ Rosario Rodolico, Respondent, v Rubin & Licatesi, P.C., et al., Appellants. [977 NYS2d 264]—

In an action, inter alia, to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (LaSalle, J.), dated July 3, 2012, as, upon directing, among other things, that C&R Door and Frame Corporation, a corporation owned by the plaintiff and his wife, be joined as a party plaintiff, denied their cross motion pursuant to CPLR 3211 (a) (1) and (3) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the

provisions thereof denying those branches of the defendants' cross motion which were pursuant to CPLR 3211 (a) (3) to dismiss the second and fourth causes of action, and substituting therefor a provision granting those branches of the cross motion insofar as those causes of action were asserted by the plaintiff in his individual capacity and otherwise denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's daughter worked for the defendant law firm, in which the individual defendants are partners. During her employment, the plaintiff came to learn of an investment opportunity being organized by the defendants, which involved providing high interest, short-term loans for the development of real estate. The plaintiff and his wife, Joanne Rodolico, decided to participate. Several bank checks were purchased by Joanne and a corporation owned by the plaintiff and Joanne, C&R Door and Frame Corporation (hereinafter C&R), and forwarded to the defendants for the purpose of making loans. When five of the loans were not repaid in full, the plaintiff commenced this action seeking to recover from the defendants the money that he was owed, claiming that the defendants effectively borrowed the money from him. Alternatively, the plaintiff sought damages for legal malpractice. The plaintiff made a pre-discovery motion for summary judgment on the complaint, which motion is not the subject of this appeal, and the defendants cross-moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (3), for lack of standing and based upon documentary evidence. The Supreme Court denied the motion and cross motion, and also directed that Joanne and C&R be joined as plaintiffs in the action.

In support of that branch of their cross motion which was to dismiss the complaint for lack of standing, the defendants argued that the plaintiff had no interest in the loaned funds because two of the loans, for which the plaintiff sought recovery in the second and fourth causes of action, were funded by C&R, and three of the loans, for which the plaintiff sought recovery in the first, third, and fifth causes of action, were funded by Joanne. The plaintiff does not deny that the funds for two of the loans were provided by C&R, but merely asserts that he and Joanne own C&R. However, "[f]or a wrong against a corporation a shareholder has no individual cause of action, though he loses the value of his investment" (*Abrams v Donati*, 66 NY2d 951, 953 [1985]; *see Citibank v Plapinger*, 66 NY2d 90, 93 n [1985]; *Elenson v Wax*, 215 AD2d 429 [1995]; *General Motors Acceptance Corp. v Kalkstein*, 101 AD2d 102, 106 [1984]). Here,

the plaintiff's action was brought in his own name, and there is nothing in the complaint to indicate that the plaintiff brought this action in a derivative capacity, on behalf of C&R. Accordingly, since the plaintiff does not have standing, individually, to seek the return of funds purportedly borrowed from C&R by the defendants, the second and fourth causes of action should have been dismissed insofar as they were asserted by the plaintiff in his individual capacity.

The same is not true, however, of the first, third, and fifth causes of action, which sought the return of funds that the defendants allege were provided by Joanne. The plaintiff and Joanne averred that, although Joanne went to the bank to purchase the bank checks, they do not keep their finances separate, and the funds belonged to both of them. The defendants presented no evidence to the contrary. The plaintiff, therefore, had standing to seek the return of the funds (*see generally Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]), and the Supreme Court properly denied the branch of the defendants' motion which sought dismissal of the first, third, and fifth causes of action for lack of standing.

The Supreme Court also properly denied the branch of the defendants' motion which was to dismiss the sixth cause of action, alleging legal malpractice, pursuant to CPLR 3211 (a) (1). The evidence submitted in support of a motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint on the ground that a defense is founded on documentary evidence "must be documentary or the motion must be denied" (*Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d 713, 714 [2012], quoting *Fontanetta v John Doe 1*, 73 AD3d 78, 84 [2010] [internal quotation marks omitted]). " '[N]either affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211 (a) (1)' " (*Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d at 714, quoting *Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 997 [2010]; *see Suchmacher v Manana Grocery*, 73 AD3d 1017 [2010]; *Fontanetta v John Doe 1*, 73 AD3d at 86).

Here, the only evidence submitted by the defendants that pertained to the legal malpractice cause of action were affidavits. Accordingly, since the defendants failed to support the branch of their motion seeking to dismiss the legal malpractice cause of action pursuant to CPLR 3211 (a) (1) with "documentary" evidence, it was properly denied (*see Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d at 714; *Integrated Constr. Servs., Inc. v Scottsdale Ins. Co.*, 82 AD3d 1160, 1163 [2011]; *Fontanetta v John Doe 1*, 73 AD3d at 86). Mastro, J.P., Skelos, Balkin and Sgroi, JJ., concur.