■ ANTHONY RODOLICO, Respondent, v RUBIN & LICATESI, P.C., et al., Appellants. [981 NYS2d 144]—

In an action, inter alia, to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), entered August 31, 2012, as denied those branches of their cross motion which were pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's sister worked for the defendant law firm, in which the individual defendants are partners. During his sister's employment, the plaintiff came to learn of an investment opportunity being organized by the defendants, which involved providing high interest, short-term loans for the development of real estate. The plaintiff and his wife decided to participate. Two bank checks, one of which was purchased by the plaintiff's wife and bore only her name, were forwarded to the defendants for the purpose of making two loans. When these two loans were not repaid in full, the plaintiff commenced this action seeking to recover from the defendants the money that he was owed, claiming that the defendants effectively borrowed the money from him (first and second causes of action). In the alternative, the plaintiff sought damages for legal malpractice (third cause of action). The plaintiff made a pre-discovery motion for summary judgment on the complaint, and the defendants cross-moved, inter alia, to dismiss the second cause of action pursuant to CPLR 3211 (a) (3), for lack of standing, and to dismiss the complaint pursuant to CPLR 3211 (a) (1), based upon documentary evidence. The Supreme Court denied the motion and the cross motion.

In support of that branch of their cross motion which was to dismiss the second cause of action for lack of standing, the defendants argued that the plaintiff had no interest in the loaned funds because the funds were provided by his wife. However, the plaintiff established, through his affidavit, that the funds provided for the subject loan belonged to both him and his wife (*see Rodolico v Rubin & Licatesi, P.C.*, 112 AD3d 608, 609-610 [2013]). The defendants presented no evidence to the contrary. The plaintiff, therefore, had standing to seek the return of the funds (*see id.*; *see generally Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]), and the Supreme Court properly denied that branch of the defendants' cross motion which was to dismiss the second cause of action for lack of standing.

The Supreme Court also properly denied that branch of the defendants' cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1). A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint on the ground that a defense is founded on documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of*

*N.Y.*, 98 NY2d 314, 326 [2002]; *see Parkoff v Stavsky*, 109 AD3d 646 [2013]; *Benson v Deutsche Bank Natl. Trust, Inc.*, 109 AD3d 495 [2013]). Further, the evidence submitted in support of a motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint on the ground that a defense is founded on documentary evidence "must be documentary or the motion must be denied" (*Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d 713, 714 [2012], quoting *Fontanetta v John Doe 1*, 73 AD3d 78, 84 [2010] [internal quotation marks omitted]; *see Rodolico v Rubin & Licatesi, P.C.*, 112 AD3d at 610). " '[N]either affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211 (a) (1)' " (*Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d at 714, quoting *Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 997 [2010]; *see Rodolico v Rubin & Licatesi, P.C.*, 112 AD3d at 610; *Suchmacher v Manana Grocery*, 73 AD3d 1017 [2010]; *Fontanetta v John Doe 1*, 73 AD3d at 86).

Here, with respect to the first and second causes of action, the defendants submitted two checks that the plaintiff and his wife provided for the investments, which were written to the defendants' IOLA account. Those checks do not "utterly refute" the plaintiff's allegations that the defendants borrowed funds from the plaintiff and his wife or "conclusively establish[ ] a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326).

The only other evidence submitted by the defendants pertaining to these causes of action as well as the legal malpractice cause of action was affidavits, which do not constitute " 'documentary evidence within the intendment of CPLR 3211 (a) (1)' " (*Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d at 714, quoting *Granada Condominium III Assn. v Palomino*, 78 AD3d at 997; *see Rodolico v Rubin & Licatesi, P.C.*, 112 AD3d at 610).

Accordingly, that branch of the defendants' cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) was properly denied (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Rodolico v Rubin & Licatesi, P.C.*, 112 AD3d at 610; *Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d at 714; *Integrated Constr. Servs., Inc. v Scottsdale Ins. Co.*, 82 AD3d 1160, 1163 [2011]; *Fontanetta v John Doe 1*, 73 AD3d at 86).

The defendants' remaining contention is not properly before this Court. Skelos, J.P., Dillon, Hall and Roman, JJ., concur.