Zaharatos v Coscia (2018 NY Slip Op 01635)





Zaharatos v Coscia


2018 NY Slip Op 01635


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2017-02383
 (Index No. 512073/15)

[*1]Marina Zaharatos, et al., appellants, 
v
Michael A. Coscia, etc., et al., respondents.


Law Office of Daniel L. Abrams, PLLC, New York, NY, for appellants.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, Brooklyn, NY (Michael A. Coscia, pro se, of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for conversion, the plaintiffs appeal from an order of the Supreme Court, Kings County (Ash, J.), dated January 4, 2017, which granted the defendants' motion pursuant to CPLR 3211(a) and 3212 to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the complaint insofar as asserted by the plaintiffs Alimos Corp. and Chrysa Corp., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.
In this action, the plaintiffs allege that the defendants knowingly and wrongfully accepted funds belonging to the plaintiffs Alimos Corp. and Chrysa Corp. (hereinafter together the corporate plaintiffs) in payment of personal legal fees of nonparty John Zaharatos. The defendants moved pursuant to CPLR 3211(a) and 3212 to dismiss the action on several grounds. As relevant here, the defendants contended that the individual plaintiff, Marina Zaharatos, lacked standing to commence this action in her individual capacity for wrongs against the corporate plaintiffs. The defendants also contended that Marina Zaharatos had no authority to commence this action on behalf of the corporate plaintiffs. The Supreme Court granted the defendants' motion. We modify.
"For a wrong against a corporation, a shareholder has no individual cause of action, though he loses the value of his investment" (Abrams v Donati, 66 NY2d 951, 953; see Barbaro v Spinelli, 121 AD3d 727, 728; Rodolico v Rubin & Licatesi, P.C., 112 AD3d 608, 609-610). Here, Marina Zaharatos does not claim any injury as to herself, individually, and she expressly disclaims that she is bringing this action as a shareholder in a derivative capacity. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted by Marina Zaharatos individually (see Rodolico v Rubin & Licatesi, P.C., 112 AD3d at 609-610; cf. Hu v Ziming Shen, 57 AD3d 616, 617).
However, the Supreme Court should not have granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted by the corporate plaintiffs. The defendants failed to establish any legal or factual ground for dismissal of the complaint with respect to the corporate plaintiffs. To the extent that the defendants sought dismissal under CPLR 3212, [*2]they failed to establish, prima facie, entitlement to judgment as a matter of law dismissing the complaint insofar as asserted by the corporate plaintiffs. Accordingly, that branch of the defendants' motion should have been denied without regard to the sufficiency of the plaintiffs' papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., LEVENTHAL, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court