■ LINDA HICKEY, Appellant, v NATIONAL LEAGUE OF PROFESSIONAL BASEBALL CLUBS et al., Respondents.—Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about April 12, 1990, which granted defendants' motion for an order pursuant to CPLR 3211 (a) (7) dismissing the complaint, and denied plaintiff's application for leave to replead, and judgment of the same court, entered April 28, 1990, which dismissed the complaint and taxed costs in the amount of $265 against the plaintiff, unanimously affirmed, without costs.

Plaintiff was the fiancée of a baseball umpire who died of a heart attack while speaking in a transcontinental telephone conversation with plaintiff, allegedly as a result of a "grueling" schedule imposed on him by defendants. Plaintiff's cause of action for intentional infliction of emotional distress was properly dismissed because the complaint cannot be read to allege that the imposition of a difficult work schedule was done to her, or that it was done with the intention of causing her emotional harm, and because it cannot be said that such conduct exceeds all reasonable bounds of decency *(James v Saltsman,* 99 AD2d 797, 798). Her cause of action for negligent infliction of emotional distress was properly dismissed because she was not within the zone of danger and because her alleged injuries did not result from contemporaneous observation of the alleged mistreatment and eventual death of her fiancé *(Johnson v Jamaica Hosp.,* 62 NY2d 523, 526).

Plaintiff's application for leave to amend, contained in a single sentence without even the most conclusory indication of what the new pleadings would be, was properly denied. This court has construed CPLR 3211 (e) to require that the proposed new pleadings be supported by evidence as on a motion for summary judgment *(Walter & Rosen v Pollack,* 101 AD2d 734, 735). Concur—Milonas, J. P., Wallach, Asch, Kassal and Smith, JJ.