■ JOHN ABBOTT et al., Appellants, v HERZFELD & RUBIN, P. C., et al., Respondents, et al., Defendants. [609 NYS2d 230] — Order, Supreme Court, New York County (Peter Tom, J.), entered November 16, 1992, which granted motions by defendants-respondents to dismiss the complaint as against them for failure to state a cause of action, unanimously modified, on the law, to reinstate the fifth cause of action as against defendant accounting firm insofar as it alleges negligent omissions from materials it prepared and distributed to plaintiffs after the closing at which plaintiffs became limited partners of defendant joint venture, and otherwise affirmed, without costs.

Plaintiffs' cause of action for a RICO conspiracy *(see,* 18 USC § 1962 [d]) is deficient in that it lacks specific allegations of a conscious agreement among the professional defendants and the promoter defendants to commit mail fraud *(see, Adler v Berg Harmon Assocs.,* 790 F Supp 1222, 1234). Furthermore, the complaint does not attribute specific misrepresentations or omissions in the offering memorandum to the attorney defendants *(see, Friedman v Arizona World Nurseries Ltd. Partnership,* 730 F Supp 521, 531, *affd* 927 F2d 594), and, as against both the attorney and accountant defendants, does not set forth a factual basis that would give rise to an inference of fraudulent intent *(see, Wexner v First Manhattan Co.,* 902 F2d 169, 172).

The cause of action for common law fraud lacks "additional detail concerning the facts constituting the alleged fraud" *(Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536, 554, *mot to amend remittitur granted* 66 NY2d 812); the cause of action for breach of fiduciary duty is ambiguous in alleging that the professional defendants knew that they were partici-

pating in a breach of the promoter defendants' fiduciary duty to plaintiffs *(see, H20 Swimwear v Lomas,* 164 AD2d 804, 807); and the cause of action for negligent misrepresentation, insofar as it pertains to services provided by the professional defendants before plaintiffs' investment was closed, states no facts that would give rise to an inference that the professional defendants were even aware of these particular investors as opposed to a more amorphous class of potential investors *(see, Westpac Banking Corp. v Deschamps,* 66 NY2d 16).

However, to the extent that the cause of action for negligent misrepresentation is based on omissions by the defendant accounting firm after the investment was closed, the complaint sufficiently alleges that the firm knew or should have known that reliance by the limited partners was the very purpose of the work it was performing for the joint venture *(see, Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood,* 80 NY2d 377, 384-385), and the existence of circumstances that rendered or should have made the falsity of facts provided by the promoters "obvious" or at least shown the truth of those facts to be grossly doubtful *(see, State St. Trust Co. v Ernst,* 278 NY 104, 112; *Joel v Weber,* 166 AD2d 130, 136-137).

Leave to replead was properly denied, plaintiffs not having provided proposed new pleadings supported by evidence as on a motion for summary judgment (CPLR 3211 [e]; *see, Hickey v National League of Professional Baseball Clubs,* 169 AD2d 685).

We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Kupferman, Ross, Nardelli and Williams, JJ.