■ MERV BLANK, Appellant, v GEORGE NOUMAIR, Respondent. [658 NYS2d 88] —In an action, *inter alia,* to recover damages for breach of fiduciary duty and fraud, the plaintiff appeals from an order of the Supreme Court, Westchester County (Fredman, J.), entered June 3, 1996, which granted the defendant's motion to dismiss the complaint and denied the plaintiff's motion for leave to replead.

Ordered that the order is affirmed, with costs.

The Supreme Court properly dismissed those claims by the plaintiff which were premised on the defendant's alleged violation of a fiduciary duty owed to him. The defendant was the attorney representing various limited partners in several limited partnerships in which the plaintiff was a general partner. Accordingly, he had no fiduciary obligation to the plaintiff under principles governing either partnerships or attorney-client relationships *(see generally, Lichtyger v Franchard Corp.,* 18 NY2d 528, 536; *Nicoleau v Brookhaven Mem. Hosp. Ctr.,* 181 AD2d 815).

Additionally, the allegations of the complaint fail to set forth the requisite elements to support viable claims sounding in fraud, tortious interference with business relations, or tortious interference with contractual relations *(see generally, Strasser v Prudential Sec.,* 218 AD2d 526; *EDP Hosp. Computer Sys. v Bronx-Lebanon Hosp. Ctr.,* 212 AD2d 570; *Shea v Hambro Am.,* 200 AD2d 371). Similarly, the plaintiff's breach of contract cause of action was properly dismissed inasmuch as the defendant was not a party to the agreements in question *(see, Walz v Todd & Honeywell,* 195 AD2d 455).

The plaintiff's remaining contentions are without merit. Rosenblatt, J. P., Thompson, Sullivan and Friedmann, JJ., concur.