■ EVELYN McGLONE et al., Appellants, v ROSEANNA Mc-GLONE, Respondent. [792 NYS2d 877]—

In an action for specific performance of a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Burton, J.), dated April 8, 2004, which denied their motion for summary judgment.

550

Ordered that the order is affirmed, without costs or disbursements.

The determination of whether to grant the equitable remedy of specific performance lies within the discretion of the court (*see Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186 [1986]), and the right to such relief is not automatic (*see Pecorella v Greater Buffalo Press*, 107 AD2d 1064 [1985]). While we disagree with the Supreme Court's finding that the defendant raised issues of fact in opposition to the motion for summary judgment concerning whether the defendant was entitled to cancel the contract based on the plaintiffs' failure to timely tender the down payment and delay in seeking to schedule the closing, we nevertheless affirm the denial of the plaintiffs' motion for summary judgment on the ground that, after the plaintiffs established a prima facie case for summary judgment, the defendant raised triable issues of fact concerning the plaintiffs' entitlement to equitable relief (*see Van Wagner Adv. Corp. v S & M Enters., supra; Currier v First Transcapital Corp.*, 190 AD2d 507 [1993]; *Castaldi v Multer*, 117 AD2d 699 [1986]). Schmidt, J.P., Santucci, Luciano and Mastro, JJ., concur.