■ CHRIS McGINNIS, Appellant, v JAMES R. COWHEY, Respondent. [808 NYS2d 397]—In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered March 22, 2004, which, after a nonjury trial, inter alia, dismissed the complaint.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

While we disagree with the Supreme Court's determination that the execution of the subject contract by Roberta Weinz was the product of duress, under the facts of this case, the Supreme Court properly dismissed the complaint. The determination of whether to grant the equitable remedy of specific performance lies within the discretion of the court and the right to such relief is not automatic (*see McGlone v McGlone*, 17 AD3d 549, 550 [2005]). "[T]he court has the discretion to deny the remedy of specific performance 'where it would cause unreasonable hardship or injustice' " (*Cheemanlall v Toolsee*, 17 AD3d 392, 393 [2005], quoting *Concert Radio v GAF Corp.*, 108 AD2d 273, 278 [1985], *affd* 73 NY2d 766 [1988]). The record supports the Supreme Court's determination that the plaintiff was not entitled to the equitable relief of specific performance. Florio, J.P., H. Miller, Ritter and Rivera, JJ., concur.