■ Black Car and Livery Insurance, Inc., et al., Appellants, v H&W Brokerage, Inc., et al., Defendants, and William Wallach, Respondent. [813 NYS2d 751]—

In an action, inter alia, to recover damages for breach of contract, fraud, breach of fiduciary duty, and tortious interference with a contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), entered November 15, 2004, as granted the motion of the defendant William Wallach pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him, and denied their application for leave to replead.

Ordered that the order is affirmed insofar as appealed from, with costs.

The cause of action alleging tortious interference with a contract was properly dismissed as to the respondent, as the allegations in support of this cause of action "are devoid of a factual basis and are vague and conclusory" (*Schuckman Realty v Marine Midland Bank,* 244 AD2d 400, 401 [1997]; *see Washington Ave. Assoc. v Euclid Equip.,* 229 AD2d 486, 487 [1996]). Additionally, the breach of contract cause of action was properly dismissed as to the respondent, since he was not a party to the agreement in question (*see Blank v Noumair,* 239

AD2d 534 [1997]; *Walz v Todd & Honeywell,* 195 AD2d 455 [1993]).

Moreover, the claims of fraud and breach of fiduciary duty have not been pleaded with sufficient detail as to the respondent as required by statute (*see* CPLR 3016 [b]; *see generally Lanzi v Brooks,* 43 NY2d 778, 780 [1977]; *Kline v Taukpoint Realty Corp.,* 302 AD2d 433 [2003]; *Moss v Moche,* 160 AD2d 785 [1990]). Accordingly, those causes of action were properly dismissed as to the respondent pursuant to CPLR 3211 (a) (7).

The plaintiffs' application for leave to replead, which consisted of a single sentence in an affidavit and provided no indication of what the new pleadings would be, was properly denied (*see* CPLR 3211 [e]; *Hickey v National League of Professional Baseball Clubs,* 169 AD2d 685 [1991]; *Moss v Moche, supra*).

The plaintiffs' remaining contentions are without merit. Adams, J.P., Ritter, Rivera and Covello, JJ., concur.