■ ITT SHERATON CORPORATION et al., Appellants, v TRAVELERS CASUALTY & SURETY COMPANY, Respondent. [822 NYS2d 729]— In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Freehill v ITT Sheraton*, pending in

the Supreme Court, Queens County, under index No. 24232/97, the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Kelly, J.), dated January 24, 2005, which, among other things, granted the defendant's motion for summary judgment and denied their cross motion for summary judgment, and (2) a judgment of the same court dated February 28, 2005, entered upon the order, declaring that the defendant is not obligated to defend or indemnify them in the underlying action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant demonstrated its entitlement to judgment as a matter of law by establishing that it was not obligated to defend or indemnify the plaintiffs in the underlying action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Black Car & Livery Ins., Inc. v H&W Brokerage, Inc.*, 28 AD3d 595 [2006]; *Crespo v Triad, Inc.*, 294 AD2d 145 [2002]; *Blank v Noumair*, 239 AD2d 534 [1997]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp., supra*). Florio, J.P., Goldstein, Luciano and Lunn, JJ., concur.