■ MARC MARINOFF, Appellant, v NATTY REALTY CORP., Respondent. [826 NYS2d 113]—

In an action for specific performance of a contract to purchase real property, the plaintiff appeals, by permission, from an order of the Supreme Court, Queens County (Leviss, J.H.O.), dated March 8, 2006, which, after a nonjury trial, inter alia, denied specific performance and limited his relief to return of his down payment plus interest.

Ordered that the order is affirmed, with costs.

In December 2002 the plaintiff (hereinafter the purchaser) entered into a contract to purchase certain fire-damaged commercial property located in Queens County (hereinafter premises) from the defendant (hereinafter the seller) for the sum of $588,000. The contract provided that "due to fire damage to the premises Purchaser will be required to perform repairs and renovations to the premises," but no work would be commenced before the closing of title without the written consent of the seller. The contract further provided that the seller was not required to spend any money to cure violations. The contract stated that any losses incurred by destruction, damage or condemnation while the contract was pending were governed by General Obligations Law § 5-1311.

The purchaser's attorney acknowledged at the trial that on February 6, 2003 he received notice from the seller that there was a hearing in the Supreme Court, Queens County, with respect to unsafe building violations on the premises. The purchaser was represented at the hearing on the violations but the Supreme Court found that the purchaser had no standing to appear in the matter or to request any relief. On February 19, 2003 the Supreme Court issued an order directing the Superintendent of Buildings to make the premises safe by demolishing "unused spaces to grade and remov[ing] all debris from site."

At the trial, the seller's president testified that he asked the purchaser to perform repairs to avert demolition, but the purchaser refused to perform any work until title was transferred to him. The seller's president further testified that the Department of Buildings would not accept applications for permits filed by the purchaser because there were discrepancies in the purchaser's contractor's license or insurance policy. Therefore the seller entered into a contract with Rankin Construction to repair the premises for the sum of $120,000.

The seller refused to deliver title to the purchaser until it was

reimbursed for the cost of the repairs. The purchaser refused to reimburse the seller on the ground that the contract did not provide for reimbursement for repairs and commenced the instant action for specific performance at the "purchase price of $588,000." At the conclusion of the trial, the Supreme Court determined that the purchaser was ready willing and able to close but nevertheless denied specific performance and directed the seller to return the down payment plus interest. We affirm.

Although an appellate court's authority in reviewing a nonjury determination is as broad as that of the trial court, due deference is given to the trial court's determination, taking into account that in a close case the trial judge has the advantage of seeing and hearing the witnesses (*see Healy v Williams*, 30 AD3d 466, 468 [2006]). The determination of whether to grant or deny the equitable remedy of specific performance lies within the discretion of the court and the right to such relief is not automatic (*see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 415 [2001]; *McGinnis v Cowhey*, 24 AD3d 629 [2005]). Indeed, a court may deny specific performance where the grant of such remedy would result in "unreasonable hardship or injustice" (*id.* at 629). Here, the Supreme Court providently exercised its discretion in determining that an award of specific performance would have resulted in undue hardship or injustice to the seller.

The purchaser contends that the order dated February 19, 2003 directing demolition was analogous to a destruction or taking by eminent domain to which General Obligations Law § 5-1311 applied. The term "destruction" refers to accidental destruction after the contract is executed but before title has passed (*see Lucenti v Cayuga Apts.*, 48 NY2d 530, 537 [1979]). In the instant case, there was no accidental destruction after the execution of the contract. Nor was there any taking of the property by eminent domain. Accordingly, General Obligations Law § 5-1311 is not applicable to this case.

The evidence adduced at the trial established that the seller, confronted with a dilemma, consulted with the purchaser and proceeded with the repairs on its own only after ascertaining that it had no other alternative to protect its property against a loss in value.

The purchaser, on the other hand, sought to compel the seller to convey a renovated premises at the original purchase price for a fire-damaged premises. Requiring the seller to absorb the cost of repairs was contrary to the explicit terms of the contract.

In view of the foregoing, the Supreme Court properly denied the purchaser specific performance and limited its recovery to

the down payment plus interest. Florio, J.P., Goldstein, Lunn and Dillon, JJ., concur.