■ 1911 RICHMOND AVENUE ASSOCIATES, LLC, Appellant, v G.L.G. CAPITOL, LLC, et al., Respondents. [933 NYS2d 899]—

The plaintiff commenced this action to recover damages for breach of two leases for the rental of commercial office space. The defendants demonstrated the prima facie entitlement of the defendant J.P. Turner & Co., LLC (hereinafter Turner), to judgment as a matter of law dismissing the complaint insofar as asserted against it by proffering evidence that Turner was not a party to the leases at issue in this case and thus owed no contractual duty to the plaintiff (*see Black Car & Livery Ins., Inc. v H&W Brokerage, Inc.*, 28 AD3d 595, 596 [2006]; *Lipton v Unumprovident Corp.*, 10 AD3d 703, 706 [2004]; *Blank v Noumair*, 239 AD2d 534 [1997]). In response, the plaintiff failed to raise a triable issue of fact as to whether the signatory tenant entered into the lease as an agent of Turner (*see Hampton Living v Carltun on the Park*, 286 AD2d 664, 665 [2001]; *c.f. G.K. Alan Assoc. Inc. v Lazzari*, 66 AD3d 830, 833 [2009]), or whether the plaintiff signed the lease in reliance on the signatory tenant's apparent authority to act on behalf of Turner (*see Hallock v State of New York*, 64 NY2d 224, 231 [1984]; *ER Holdings, LLC v 122 W.P.R. Corp.*, 65 AD3d 1275, 1277 [2009]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Turner.

In light of this determination, we need not reach the plaintiff's remaining contention. Dillon, J.P., Eng, Austin and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31075(U).]**