■ Flora Natoli, Respondent, v NYC Partnership Housing Development Fund Company, Inc., Defendant, and Strategic Columbia Enterprises, LLC, et al., Appellants. [960 NYS2d 137]—

In an action, inter alia, to recover damages for fraud and breach of a limited warranty, the defendants Strategic Columbia Enterprises, LLC, and Strategic Development Group, Inc., appeal, as limited by their notice of appeal and brief, from stated portions of an order of the Supreme Court, Kings County (Graham, J.), dated November 30, 2011, which, inter alia, in effect, denied that branch of their motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against them, and granted the plaintiff's cross motion for leave to amend the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the motion which were pursuant to CPLR 3211 (a) (1) to dismiss the first, second, third, and fifth causes of action insofar as asserted against the defendants Strategic Columbia Enterprises, LLC, and Strategic Development Group, Inc., and substituting therefor provisions granting those branches of the motion, (2) by deleting the provision thereof denying that branch of the

motion which was pursuant to CPLR 3211 (a) (1) to dismiss the fourth cause of action insofar as asserted against the defendant Strategic Development Group, Inc., and substituting therefor a provision granting that branch of the motion, (3) by deleting the provisions thereof granting those branches of the cross motion which were for leave to amend the first, second, third, and fifth causes of action insofar as asserted against the defendants Strategic Columbia Enterprises, LLC, and Strategic Development Group, Inc., and substituting therefor provisions denying those branches of the cross motion, and (4) by deleting the provision thereof granting that branch of the cross motion which was for leave to amend the fourth cause of action insofar as asserted against the defendant Strategic Development Group, Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action against, among others, the defendants Strategic Columbia Enterprises, LLC (hereinafter Strategic Columbia), and Strategic Development Group, Inc. (hereinafter Strategic Development; hereinafter together the appellants), to recover damages in connection with the construction of a three-family residence. The complaint asserted five causes of action against the appellants: (1) fraud (the first cause of action), (2) negligent misrepresentation (the second cause of action), (3) grossly negligent misrepresentation (the third cause of action), (4) breach of warranty (the fourth cause of action), and (5) fraud in the inducement (the fifth cause of action).

The appellants moved, among other things, pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against them. The plaintiff opposed the motion and cross-moved for leave to amend the complaint. The Supreme Court, in effect, denied that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against them, and granted the plaintiff's cross motion for leave to amend the complaint.

CPLR 3211 (a) (1) provides that a defendant may move to dismiss a cause of action on the ground that "a defense is founded upon documentary evidence." A CPLR 3211 (a) (1) motion may be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Midorimatsu, Inc. v Hui Fat Co.*, 99 AD3d 680 [2012]).

Here, the documentary evidence submitted by the appellants

included a Purchase Agreement which contained specific disclaimer provisions by which the plaintiff disavowed reliance upon any representations extrinsic to that agreement. The Purchase Agreement conclusively established the appellants' defense to the first, second, third, and fifth causes of action, and therefore, the Supreme Court should have granted those branches of the appellants' motion which were to dismiss those causes of action insofar as asserted against them (*see Danann Realty Corp. v Harris*, 5 NY2d 317, 320 [1959]; *Yellow Book Sales & Distrib. Co., Inc. v Hillside Van Lines, Inc.*, 98 AD3d 663, 664 [2012]; *Laxer v Edelman*, 75 AD3d 584, 586 [2010]; *Rigney v McCabe*, 43 AD3d 896, 896 [2007]; *see also Citibank v Plapinger*, 66 NY2d 90, 93 [1985]; *Orlando v Kukielka*, 40 AD3d 829, 831 [2007]).

The fourth cause of action alleged that the appellants breached a limited warranty that was incorporated into the Purchase Agreement. The complaint alleged that the plaintiff gave the appellants timely and appropriate notice of "structural problems," and that the appellants breached the limited warranty by failing to correct those problems.

As an initial matter, the Supreme Court should have granted that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the fourth cause of action insofar as asserted against Strategic Development, since the Purchase Agreement demonstrates that it was not a party to that agreement (*see Black Car & Livery Ins., Inc. v H&W Brokerage, Inc.*, 28 AD3d 595, 595-596 [2006]; *Blank v Noumair*, 239 AD2d 534, 534 [1997]).

However, the Supreme Court properly denied that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the fourth cause of action insofar as asserted against Strategic Columbia. Contrary to the appellants' contention, many of the materials provided in support of their motion to dismiss did not constitute "documentary evidence" (CPLR 3211 [a] [1]; *see Integrated Constr. Servs., Inc. v Scottsdale Ins. Co.*, 82 AD3d 1160, 1163 [2011]), and their submissions were, in any event, insufficient to conclusively demonstrate, as a matter of law, that the allegations constituting the fourth cause of action were untimely under the terms of the Purchase Agreement, or that the plaintiff failed to follow the claim provisions contained in the limited warranty (*see generally Sobel v Ansanelli*, 98 AD3d 1020, 1022 [2012]; *Reiver v Burkhart Wexler & Hirschberg, LLP*, 73 AD3d 1149, 1150 [2010]).

Leave to amend a pleading should be freely granted where the proposed amendment is not palpably insufficient or patently

devoid of merit and will not prejudice or surprise the opposing party (*see* CPLR 3025 [b]; *Negvesky v United Interior Resources, Inc.*, 32 AD3d 530, 531 [2006]). Upon application of the above standard, we conclude that the plaintiff's cross motion for leave to amend the complaint should have been denied to the extent that it pertained to the first, second, third, and fifth causes of action, and to the extent that it pertained to so much of the fourth cause of action as was asserted against Strategic Development. However, the Supreme Court properly granted the plaintiff's cross motion to the extent that she sought leave to amend the fourth cause of action insofar as it was asserted against Strategic Columbia.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Skelos, J.P., Dillon, Hall and Miller, JJ., concur.