■ MARNIE OMANOFF, Appellant, v LOUIS ROHDE, Respondent. [10 NYS3d 245]—

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered July 30, 2014, which granted defendant's motion to, among other things, direct plaintiff to disgorge payments she received as beneficiary of defendant's mother's New York City Employees' Retirement System (NYCERS) pension plan, unanimously affirmed, without costs.

The motion court correctly held that, pursuant to section 5.3 of the parties' stipulation of settlement, incorporated by reference, but not merged, into the judgment of divorce, plaintiff waived her rights to receive payments as the designated beneficiary of her former mother-in-law's NYCERS pension plan.

We reject plaintiff's claim that the waiver violates the Employee Retirement Income Security Act's (ERISA) anti-alienation provision (29 USC § 1056 [d] [1]). ERISA does not apply to the NYCERS pension plan at issue here. The plan is a "government plan" within the meaning of the statute (*see* 29 USC § 1002 [32]), and is therefore excluded from ERISA's coverage (*see* 29 USC § 1003 [b] [1]; *see* also Jernigan v NYCERS, 2010 WL 1049585, *4, 2009 US Dist LEXIS 126182, *14 [ED NY, Mar. 18, 2010, No. 08-CV-3829 (RRM) (LB)]; *Trang* v DC-37, Local 1549, A.F.S.C.M.E., AFL-CIO, 2001 US Dist LEXIS 12676, *18 n 1 [SD NY, Aug. 7, 2001, 98-Civ-5927 (GEL) (KNF)]).

Given the inapplicability of ERISA, the court correctly applied standard principles of contract interpretation to the stipulation, as it is a settlement agreement in a divorce action (*Rainbow v Swisher*, 72 NY2d 106, 109 [1988]). The court properly gave effect to all of the terms of the stipulation (*Perlbinder v Board of Mgrs. of 411 E. 53rd St. Condominium*, 65 AD3d 985, 986-987 [1st Dept 2009]), gleaned the parties' intent from what was expressed in their writing, and reached a practical interpretation of the parties' intent based on the language in the stipulation (*Strong v Dubin*, 75 AD3d 66, 68 [1st Dept 2010]).

Section 5.3 of the stipulation, titled "Retirement Funds," read as a whole, evinced an intent to waive the parties' rights to each other's retirement funds, and the clause in which plaintiff waived her claim "to any and all pension funds set up during the marriage in [plaintiff's] name by . . . a member of [defendant's] family," evinced a related intent to waive plaintiff's rights to defendant's relatives' retirement funds, including her rights to her former mother-in-law's pension benefits.

The court sufficiently addressed, and correctly rejected, implicitly or explicitly, all of plaintiff's challenges to the stipulation (see Corteguera v City of New York, 179 AD2d 362, 363 [1st Dept 1992]; CPLR 2219 [a]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Renwick, Andrias, Manzanet-Daniels and Kapnick, JJ.