Victory State Bank v EMBA Hylan, LLC (2019 NY Slip Op 01253)





Victory State Bank v EMBA Hylan, LLC


2019 NY Slip Op 01253


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-09830
2017-09831
 (Index No. 101223/15)

[*1]Victory State Bank, appellant, 
v
EMBA Hylan, LLC, defendant, Staten Island Executive Plaza, LLC, et al., respondents.


Howard M. File, Esq., P.C., Staten Island, NY, for appellant.
Menicucci Villa Cilmi PLLC, Staten Island, NY (Brendan T. Lantry of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated March 31, 2017, and (2) an order of the same court dated August 11, 2017. The order dated March 31, 2017, insofar as appealed from, granted those branches of the motion of the defendants Staten Island Executive Plaza, LLC, Raymond Masucci, Jeffrey Potter, Genesis Partners, LLC, Anthony Maltese, Fred LaMarca, and Andrew Masucci which were pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against them and the sixth cause of action insofar as asserted against the defendants Raymond Masucci, Jeffrey Potter, Genesis Partners, LLC, Anthony Maltese, Fred LaMarca, and Andrew Masucci. The order dated August 11, 2017, insofar as appealed from, upon reargument, adhered to so much of the original determination in the order dated March 31, 2017, as granted those branches of the motion of those defendants.
ORDERED that the appeal from the order dated March 31, 2017, is dismissed, without costs or disbursements, as the portions of the order appealed from were superseded by the order dated August 11, 2017, made upon reargument; and it is further,
ORDERED that the order dated August 11, 2017, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to so much of the original determination in the order dated March 31, 2017, as granted that branch of the motion of the defendants Staten Island Executive Plaza, LLC, Raymond Masucci, Jeffrey Potter, Genesis Partners, LLC, Anthony Maltese, Fred LaMarca, and Andrew Masucci which was pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against the defendant Staten Island Executive Plaza, LLC, and substituting therefor a provision, upon reargument, vacating that portion of the original determination and, thereupon, denying that branch of the motion; as so modified, the order dated August 11, 2017, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action, inter alia, to recover damages for breach of [*2]contract and for specific performance against the defendants EMBA Hylan, LLC (hereinafter EMBA), Staten Island Executive Plaza, LLC (hereinafter SIEP), and Raymond Masucci, Jeffrey Potter, Genesis Partners, LLC, Anthony Maltese, Fred LaMarca, and Andrew Masucci (hereinafter collectively the individual defendants). This action arises out of the alleged breach of a commercial lease agreement dated January 9, 2012, between the plaintiff and SIEP (hereinafter the lease) concerning the construction of a bank building on commercial real property located in Staten Island (hereinafter the premises). The individual defendants are members of SIEP and were not parties to the lease.
SIEP and the individual defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them. In an order dated March 31, 2017, the Supreme Court, inter alia, granted those branches of the motion which were to dismiss the first cause of action, seeking specific performance, insofar as asserted against SIEP and the individual defendants, and the sixth cause of action, alleging breach of contract, insofar as asserted against the individual defendants. The court denied that branch of the motion which was to dismiss the sixth cause of action insofar as asserted against SIEP. The plaintiff moved, inter alia, for leave to reargue its opposition to the motion of SIEP and the individual defendants. In an order dated August 11, 2017, the court granted leave to reargue and, upon reargument, inter alia, adhered to so much of its original determination as granted those branches of the prior motion which were to dismiss the first cause of action insofar as asserted against SIEP and the individual defendants and the sixth cause of action insofar as asserted against the individual defendants. The plaintiff appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading must be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory, without regard to whether the allegations ultimately can be established (see Leon v Martinez, 84 NY2d 83, 87; JGK Indus., LLC v Hayes NY Bus., LLC, 145 AD3d 979, 980; Quinones v Schaap, 91 AD3d 739, 740). Whether "the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38; see Mirro v City of New York, 159 AD3d 964, 966).
"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). To qualify as documentary evidence, the evidence "must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86; see Flushing Sav. Bank, FSB v Siunykalimi, 94 AD3d 807, 808). Judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case (see Datena v JP Morgan Chase Bank, 73 AD3d 683, 685; Fontanetta v John Doe 1, 73 AD3d at 84-85).
"The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach'" (Canzona v Atanasio, 118 AD3d 837, 838, quoting Dee v Rakower, 112 AD3d 204, 208-209).
We agree with the Supreme Court's determination, upon reargument, to adhere to its prior determination granting that branch of the motion of SIEP and the individual defendants which was to dismiss the sixth cause of action, alleging breach of contract, insofar as asserted against the individual defendants, who were not parties to the lease and who are not in contractual privity with the plaintiff. One cannot be held liable under a contract to which he or she is not a party (see 1911 Richmond Ave. Assoc., LLC v G.L.G. Capitol, LLC, 90 AD3d 627, 627; Black Car & Livery Ins., Inc. v H & W Brokerage, Inc., 28 AD3d 595, 596; Blank v Noumair, 239 AD2d 534, 534). Here, the documentary evidence submitted by SIEP and the individual defendants in support of their motion, [*3]i.e., the lease, fatally undermines the plaintiff's contention that the individual defendants should be held personally liable in connection with a contract to which they were not parties (see Fontanetta v John Doe 1, 73 AD3d at 84-85). There is no dispute that the individual defendants were not personally or individually signatories or parties to the lease, which unambiguously states that the plaintiff and SIEP are the only parties thereto, and the individual defendants were not parties to any contract with the plaintiff.
Moreover, there is generally no individual liability for principals of a corporation for actions taken "in furtherance of the corporation's business" (Worthy v New York City Hous. Auth., 21 AD3d 284, 286, citing Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1, 4). As such, the individual defendants cannot be held liable for SIEP's contractual obligations merely because they owned and managed SIEP or because the lease was executed by two of SIEP's managers/owners in such capacity.
Furthermore, the plaintiff's argument that SIEP's corporate veil should be pierced is without merit. There is no allegation in the complaint that the individual defendants exercised complete domination of SIEP in respect to the lease, or that any such domination was used to commit a fraud or wrong against the plaintiff that resulted in the plaintiff's injury (see Millennium Constr., LLC v Loupolover, 44 AD3d 1016, 1016; Hyland Meat Co. v Tsagarakis, 202 AD2d 552, 552). There is also no allegation that SIEP abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against the plaintiff such that a court in equity will intervene (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 142; Weinstein v Willow Lake Corp., 262 AD2d 634, 635). Accordingly, we agree with the Supreme Court's determination to grant dismissal of the sixth cause of action, alleging breach of contract, insofar as asserted against the individual defendants.
We disagree with the Supreme Court's determination, upon reargument, to adhere to its prior determination granting that branch of the motion of SIEP and the individual defendants which was to dismiss the first cause of action, seeking specific performance, insofar as asserted against SIEP. The equitable remedy of specific performance is a discretionary remedy that provides an alternative to an award of damages as a means of enforcing a contract (see Marinoff v Natty Realty Corp., 34 AD3d 765, 767; McGinnis v Cowhey, 24 AD3d 629, 629; McGlone v McGlone, 17 AD3d 549, 550). "The court has the discretion to deny the remedy of specific performance where it would cause unreasonable hardship or injustice" (McGinnis v Cowhey, 24 AD3d at 629 [internal quotation marks omitted]).
Although at a later stage in the litigation, should the plaintiff prevail in establishing SIEP's breach of contract, the Supreme Court could consider exercising its discretion to award monetary damages in lieu of directing specific performance of this complex and labor-intensive construction-related contract (see Van Wagner Adv. Corp. v S & M Enters., 67 NY2d 186, 191-192; Matter of Grayson-Robinson Stores [Iris Constr. Corp.], 8 NY2d 133, 137-138), such a holding is inappropriate at the pleadings stage of the litigation where, as here, the plaintiff has adequately stated a cause of action for specific performance against SIEP. As the Court of Appeals has held, although, "[i]n general, specific performance will not be ordered where money damages would be adequate to protect the expectation interest of the injured party[,] . . . [w]hether money damages would adequately compensate plaintiffs for [their] loss . . . is a matter to be resolved at a later stage, not on a motion to dismiss" (Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 415 [citations and internal quotation marks omitted]).
Accordingly, although the Supreme Court may be correct that it would be burdensome to monitor and enforce this construction-related contract such that monetary damages ultimately would be a more appropriate form of relief than specific performance, such determination cannot be made on a CPLR 3211(a) motion to dismiss, and should not be undertaken at the pleadings stage of the litigation. As such, upon reargument, the court should have denied that branch of the motion of SIEP and the individual defendants which was to dismiss the first cause of action, seeking specific performance, insofar as asserted against SIEP.
However, we agree with the Supreme Court's determination, upon reargument, to adhere to its prior determination granting dismissal of the first cause of action insofar as asserted against the individual defendants, as that cause of action was only directed at SIEP and made passing reference to EMBA. Because the individual defendants are not parties to the lease, they cannot be held liable thereunder and cannot be directed to specifically perform any obligations thereunder (see 1911 Richmond Ave. Assoc., LLC v G.L.G. Capitol, LLC, 90 AD3d at 627; Amalgamated Tr. Union Local 1181, AFL-CIO v City of New York, 45 AD3d 788, 790; Miles v Gladstein, 214 AD2d 706, 707).
The plaintiff's remaining contentions are without merit.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court