Arroyo v Central Islip UFSD (2019 NY Slip Op 04669)





Arroyo v Central Islip UFSD


2019 NY Slip Op 04669


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2016-09188
 (Index No. 32465/09)

[*1]Gail Arroyo, appellant, 
v
Central Islip UFSD, et al., respondents, et al., defendants.


Law Offices of Wayne J. Schaefer, LLC, Smithtown, NY, for appellant.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated June 30, 2016. The order granted the motion of the defendants Central Islip UFSD and Central Islip Union Free School District pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff was employed as a security guard by the defendants Central Islip UFSD and Central Islip Union Free School District (hereinafter together the District). She sustained injuries in the course of her employment and sought benefits under a long-term disability insurance policy issued by the defendant Sun Life and Health Insurance Company (U.S.) (hereinafter Sun Life), which covered certain employees of the District. The named policyholder was the Trustee of the New York State Group Insurance Trust. The policy provided that a written notice of claim for long-term disability benefits had to be sent to "us," defined as Sun Life, at its home office. The policy further provided that no legal action could be commenced against Sun Life for the claim until 60 days after the filing of the notice of claim.
A handbook which Sun Life provided to employees of the District stated that as participants in an employer benefit plan, employees were entitled to rights and protections under the Employee Retirement Income Security Act of 1974 (29 § USC 1001 et seq.; hereinafter ERISA). The handbook named Sun Life as the claims fiduciary with the obligation, and the discretion, to determine claims in its sole and exclusive discretion and to construe all issues relating to eligibility for benefits. The handbook stated that benefit determinations could be appealed to a named office of Sun Life and that, while the determination was final, an employee could bring an action in federal court under section 502(a) of ERISA (29 USC § 502[a]).
The plaintiff was initially granted long-term disability benefits by Sun Life but, after receiving benefits for almost three years, the plaintiff was notified by Sun Life in a letter dated September 11, 2008, that she was no longer eligible for benefits as she was no longer totally disabled. The plaintiff was given written notice of her right to appeal to a designated Sun Life office [*2](the same one named in the handbook). She was also advised that she may have the right to bring a civil action under ERISA in the event of an adverse appeals determination. The plaintiff exercised her right to appeal the determination to Sun Life; however, her appeal was denied. The plaintiff commenced this action against Sun Life, the District, and others, alleging breach of contract and wrongful denial of benefits under ERISA. The District moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it based, inter alia, on a lack of privity. In an order dated June 30, 2016, the Supreme Court granted the District's motion. The plaintiff appeals.
The plaintiff's arguments on this appeal are predicated largely upon excerpts from a Summary Plan Description which the plaintiff asserts was issued by Sun Life's predecessor as policy issuer. The Summary Plan Description identifies the District as the plan administrator and as the agent for service of legal process. The Summary Plan Description also states that any denial of benefits would be provided by the named plan administrator, which was the District, and that the claimant has 60 days after receipt of a written denial to request review. The Summary Plan Description further states that a decision would be rendered within 60 days of receipt of the request for review and that plan participants have rights under ERISA which may be enforced by a lawsuit in federal court. The Summary Plan Description states that it does not constitute a part of the insurance plan or part of the insurance policy.
The plaintiff acknowledges that ERISA is not applicable to the subject Sun Life plan as it constitutes a governmental plan exempt from ERISA (see 29 USC §§ 1002[32]; 1003[b][1]; Lyndaker v Board of Educ. of W. Can. Val. Cent. Sch. Dist., 129 AD3d 1561, 1562-1563). Nevertheless, the plaintiff contends that, based on the language of portions of the Summary Plan Description, the District subjected itself to ERISA's statutory scheme governing appeals from denials of claims. We disagree.
An insurance policy is a contract to which standard provisions of contract interpretation apply (see Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680; Omanoff v Rohde, 129 AD3d 510, 510). "Liability for breach of contract does not lie absent proof of a contractual relationship or privity between the parties" (Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp., 64 AD3d 85, 104; see Siskin v Cassar, 122 AD3d 714, 717; CDJ Bldrs. Corp. v Hudson Group Constr. Corp., 67 AD3d 720, 722). "One cannot be held liable under a contract to which he or she is not a party" (Victory State Bank v EMBA Hylan, LLC, 169 AD3d 963, 965; see Maki v Travelers Cos., Inc., 145 AD3d 1228, 1230; 1911 Richmond Ave. Assoc., LLC v G.L.G. Capitol, LLC, 90 AD3d 627, 627).
Here, the District was not a party to the long-term disability policy issued by Sun Life to a different named policyholder. Even assuming the authenticity of the Summary Plan Description excerpts relied upon by the plaintiff, nothing in the record reflects that the District authored, published, or agreed to be bound by the Summary Plan Description, which, by its terms, did not form part of the insurance policy. Nor do the terms of the insurance policy incorporate the provisions of ERISA (cf. Advanced Refractory Tech. v Power Auth. of State of N.Y., 81 NY2d 670, 678). While portions of the handbook, distributed to District employees by Sun Life, assert the applicability of ERISA to those employees, the record does not indicate that the District issued or agreed to be bound by the provisions of the handbook. Further, the record indicates that the plaintiff followed the claims review and appeal procedures set forth by Sun Life and that the determinations were made by Sun Life without the involvement of the District. The plaintiff's lack of privity with the District is fatal to her breach of contract cause of action against the District (see Siskin v Cassar, 122 AD3d at 717; 1911 Richmond Ave. Assoc., LLC v G.L.G. Capitol, LLC, 90 AD3d at 627).
Additionally, the plaintiff failed to timely serve a notice of claim on the District, which is a condition precedent to the commencement of an action against a school district (see Education Law § 3813[1]; Matter of Zelin v Blind Brook-Rye Union Free Sch. Dist., 164 AD3d 1352, 1352; Santostefano v Middle Country Cent. Sch. Dist., 156 AD3d 926, 927). The plaintiff contends that the District waived the notice of claim requirements by agreeing to an ERISA-based appeal procedure as outlined in Sun Life's September 11, 2008, letter. This argument is without merit as the letter was issued by Sun Life, not by the District (cf. Matter of Geneseo Cent. School [*3][Perfetto & Whalen Constr. Corp.], 53 NY2d 306, 311).
Accordingly, we agree with the Supreme Court's determination granting the District's motion to dismiss the complaint insofar as asserted against it.
In light of this determination, we need not address the parties' remaining contentions.
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court