Speonk Lbr. Corp v Ace Bldrs., Inc. (2021 NY Slip Op 00196)





Speonk Lbr. Corp v Ace Bldrs., Inc.


2021 NY Slip Op 00196


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-08509
 (Index No. 612571/18)

[*1]Speonk Lumber Corp., appellant, 
v
Ace Builders, Inc., defendant, Anthony Alfano, respondent.


Harold A. Steuerwald, LLC, Bellport, NY, for appellant.
Kelly & Hulme, P.C., Westhampton Beach, NY (James N. Hulme of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated June 13, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's cross motion which were to deem admitted by the defendant Anthony Alfano facts stated in a notice to admit and for summary judgment on the complaint insofar as asserted against that defendant, and granted the application of the defendant Anthony Alfano for leave to amend his answer.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as granted the application of the defendant Anthony Alfano for leave to amend his answer is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is payable to the respondent.
The plaintiff, in this action, inter alia, to recover damages for breach of contract, appeals from so much of an order as denied those branches of its cross motion which were to deem admitted by the defendant Anthony Alfano the facts stated in a notice to admit, due to Alfano's failure to properly serve his response and for summary judgment on the complaint insofar as asserted against Alfano, and granted Alfano's application for leave to amend his answer. We affirm.
Contrary to the plaintiff's contention, Alfano properly e-filed his response to the notice to admit (see Protocol for Electronic Filing in Suffolk County Supreme Court § 2[S]; 22 NYCRR § 202.5-b[j]). As such, the facts that Alfano did not admit were true in his response are not deemed to have been admitted. Moreover, we agree with the Supreme Court's determination denying that branch of the plaintiff's cross motion which was for summary judgment on the complaint insofar as asserted against Alfano, as it is based, in part, on the facts which the plaintiff erroneously claims are deemed admitted.
Although Alfano's request for leave to amend his answer was not made by way of a [*2]formal motion or cross motion, he annexed his proposed amended answer to his affirmation which was responsive to the motions before the Supreme Court. The court therefore had the discretion to entertain it, and providently exercised its discretion, since the plaintiff was able to address the request in its reply (see Fried v Jacob Holding, Inc., 110 AD3d 56, 65). On the merits, we agree with the court's determination granting Alfano leave to amend his answer (see Yong Soon Oh v Hua Jin, 124 AD3d 639, 640; Nunez v Mousouras, 21 AD3d 355, 356).
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court