Hempstead Classroom Teachers Assn. v Board of Educ. of the Hempstead Union Free Sch. Dist. (2025 NY Slip Op 05797)

Hempstead Classroom Teachers Assn. v Board of Educ. of the Hempstead Union Free Sch. Dist.

2025 NY Slip Op 05797

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2024-02921
 (Index No. 613783/23)

[*1]Hempstead Classroom Teachers Association, et al., appellants, 
v
Board of Education of the Hempstead Union Free School District, et al., respondents.

Robert T. Reilly, New York, NY (Oriana Vigliotti of counsel), for appellants.
The Scher Law Firm, LLP, Garden City, NY (Austin R. Graff of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Eileen C. Daly-Sapraicone, J.), entered March 14, 2024. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiffs' request for leave to amend the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as denied the plaintiffs' request for leave to amend the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see id. § 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2022, the plaintiff Hempstead Classroom Teachers Association (hereinafter the HCTA) entered into two settlement agreements with the Hempstead Union Free School District (hereinafter the School District), resolving certain grievances that had been filed by the HCTA against the School District pursuant to a collective bargaining agreement between the HCTA and the School District. The settlement agreements provided a schedule for the School District's payment of sums due pursuant to arbitration awards entered in favor of the HCTA and its members. Among other things, the settlement agreements provided that the School District would pay 50% of the sums due pursuant to the arbitration awards on or before September 20, 2022, and the remaining 50% of the sums due pursuant to the arbitration awards on or before September 30, 2023, in exchange for which the HCTA agreed to waive any right to pre- and post-judgment interest.
Thereafter, the plaintiffs commenced this action against the defendants, Board of Education of the Hempstead Union Free School District (hereinafter the Board) and Regina Armstrong, as Superintendent of Schools of the Hempstead Union Free School District, to recover damages for breach of the settlement agreements. The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint on the ground that they are not parties to the settlement agreements between the HCTA and the School District. In opposition, the plaintiffs requested leave [*2]to amend the complaint to add the School District as a defendant. In an order entered March 14, 2024, the Supreme Court, among other things, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiffs' request for leave to amend the complaint. The plaintiffs appeal.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts alleged by the plaintiff as true and liberally construe the complaint, according it the benefit of every favorable inference" (Dee v Rakower, 112 AD3d 204, 208; see Leon v Martinez, 84 NY2d 83, 87-88; 1470 39th St., LLC v Goldberg, 226 AD3d 853, 854). "Where a party offers evidentiary proof on a motion pursuant to CPLR 3211(a)(7), and such proof is considered but the motion has not been converted to one for summary judgment, 'the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it [,] . . . dismissal should not eventuate'" (Churong Liu v Gabbay, 219 AD3d 459, 460 [internal quotation marks omitted], quoting Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715-716). "Where 'the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery,' dismissal of the cause of action is warranted" (Pinkesz v Massachusetts Mut. Life Ins. Co., 234 AD3d 886, 888 [internal quotation marks omitted], quoting Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960; see Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 130).
Generally, "[o]ne cannot be held liable under a contract to which he or she is not a party" (Victory State Bank v EMBA Hylan, LLC, 169 AD3d 963, 965; accord Pinkesz v Massachusetts Mut. Life Ins. Co., 234 AD3d 886; see Tema v Tema, 227 AD3d 930; John v Elefante, 210 AD3d 669, 671; Pinkesz Mut. Holdings, LLC v Pinkesz, 198 AD3d 693, 697; Blank v Noumair, 239 AD2d 534; see also Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp., 64 AD3d 85, 104).
Here, the Supreme Court properly granted dismissal of the complaint pursuant to CPLR 3211(a)(7). The defendants were not parties to the settlement agreements between the HCTA and the School District. Moreover, although the settlement agreements were subject to approval by the Board, the settlement agreements did not obligate the Board to perform on behalf of the School District (see Roseblum v Board of Educ. Great Neck Union Free Sch. Dist., 231 AD3d 881, 883; John v Elefante, 210 AD3d at 671; Pinkesz Mut. Holdings, LLC v Pinkesz, 198 AD3d at 698; Victory State Bank v EMBA Hylan, LLC, 169 AD3d at 965; Blank v Noumair, 239 AD2d 534; see also Manhattan Real Estate Equities Group LLC v Pine Equity NY, Inc., 27 AD3d 323). Contrary to the plaintiffs' contention, the Board, as the "body corporate" of the School District (Education Law § 1701), is not interchangeable with the School District for purposes of this action (see e.g. Woods v Roundout Valley Central School Dist. Bd. of Educ., 466 F3d 232, 240 [2d Cir]).
Moreover, the Supreme Court providently exercised its discretion in denying the plaintiffs' request for leave to amend the complaint to add the School District as a defendant. Although "[p]ermission to amend pleadings should be 'freely given'" (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959, quoting CPLR 3025[b]), here, the plaintiffs' request was made in opposition to the defendants' motion and not by motion or cross-motion on notice, and the plaintiffs failed to annex a copy of the proposed amended complaint to their opposition as required by CPLR 3025(b) (cf. Speonk Lbr. Corp. v Ace Bldrs., Inc., 190 AD3d 775).
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court