■ Melinda Corteguera et al., Individually and as Parents and Natural Guardians of Ian Medina, an Infant, Respondents, v City of New York, Respondent, and University Settlement Family Day Care Center, Appellant.

Plaintiff parents have alleged that the infant plaintiff contracted gonorrhea while under the supervision of defendant day care center. In the course of pretrial discovery, it was revealed that the Department of Social Services had conducted an investigation into a complaint against the day care center employee in whose home the infant plaintiff had been cared for, which investigation terminated with the conclusion

that the complaint was unsubstantiated. After an *in camera* examination of the documents generated by the investigation, the court determined that one had no connection with this case and that the other was confidential pursuant to Social Services Law § 422. In subsequent motion practice, both plaintiffs and the defendant-day care center sought inspection of the investigatory file. In a decision from the bench, the court denied the motion, as to the day care center, on the ground that no one had appeared in support of the motion on the return date, as required by the rules of the Part, and as to plaintiffs' cross motion that the documents were confidential under the above statute. A cover sheet was then signed by the Justice stating, "The motion is denied to the extent set forth in a decision dictated on the record". Defendant-day care center itself served this cover sheet (without the transcribed oral decision) with notice of entry upon plaintiffs and defendant City of New York on August 23, 1990 and served and filed the subject notice of appeal on October 29, 1990.

The appeal should be dismissed as untimely under the 30-day limit of CPLR 5513 (a). While the cover sheet referred to the transcribed oral decision, it is sufficient by itself to constitute the short-form order of the court. CPLR 2219 (a) provides broad leeway as to the form of the order, allowing the court to "give the determinations or direction in such detail as the judge deems proper". Therefore, upon defendant-day care center's service of that paper, with notice of entry, the time for all parties to appeal the order began to run. We note that ordinarily the party giving or receiving notice such as this will already have knowledge of the contents of the court's oral decision as a result of having been present at that time and, if that is not the case, the party has ready access to the court's records to ascertain the details of the decision. Concur—Ellerin, J. P., Kupferman, Ross and Smith, JJ.