■ IRVING RUDERMAN, Appellant, v CITY OF NEW YORK et al., Respondents. [37 NYS3d 543]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about September 22, 2014, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Although the order did not expressly address plaintiff's retaliation claim, it unambiguously granted defendants' motion to dismiss in its entirety. CPLR 2219 (a) provides the court with "broad leeway" as to the form of the order, and the parties addressed this claim in their motion papers (*Corteguera v City of New York*, 179 AD2d 362, 363 [1st Dept 1992]).

Plaintiff's retaliation claim under federal and state civil rights law and under the New York City Human Rights Law was properly dismissed because the amended complaint failed to provide a basis for a reasonable jury to conclude that the job offer that was extended to plaintiff was rescinded because of his inquiry to the Equal Employment Opportunity Commission (EEOC). There is no dispute that the job offer was re-confirmed, even after defendant City of New York's employees were aware of the inquiry (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 313 [2004]).

There is also no dispute that plaintiff failed to complete the routine paperwork, which stated that this might result in not being appointed to the position that was offered. Plaintiff failed to allege facts sufficient to demonstrate a causal connection between the adverse employment action and his EEOC inquiry or that the stated reason for rescinding the job offer was a pretext for impermissible retaliation (*see Treglia v Town of Manlius,* 313 F3d 713, 721 [2d Cir 2002]). Concur—Friedman, J.P., Andrias, Richter, Gische and Kahn, JJ.