U.S. Bank N. A. v Majid (2019 NY Slip Op 05578)





U.S. Bank N. A. v Majid


2019 NY Slip Op 05578


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-05375
2017-05376
 (Index No. 705008/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Shakuntala Majid, et al., appellants, et al., defendants.


Anthony C. Giordano, Garden City, NY, for appellants.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Shakuntala Majid and Abdool Majid appeal from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered January 6, 2016, and (2) an order of the same court entered March 27, 2017. The order entered January 6, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Shakuntala Majid and Abdool Majid and for an order of reference, and denied the cross motion of those defendants, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, or alternatively, for summary judgment dismissing the complaint insofar as asserted against them. The order entered March 27, 2017, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants Shakuntala Majid and Abdool Majid and referred the matter to a referee to compute the amount due on the mortgage loan.
ORDERED that the appeal from so much of the order entered January 6, 2016, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants Shakuntala Majid and Abdool Majid is dismissed, as that portion of the order was superseded by the order entered March 27, 2017; and it is further,
ORDERED that the order entered January 6, 2016, is affirmed insofar as reviewed; and it is further,
ORDERED that the order entered March 27, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In June 2006, the defendant Shakuntala Majid executed a note in favor of Lend-Mor Mortgage Bankers Corp., which was secured by a mortgage on certain real property owned by Shakuntala Majid and the defendant Abdool Majid (hereinafter together the defendants). In July 2014, the plaintiff, the alleged holder of the note, commenced this action to foreclose the mortgage, alleging that Shakuntala Majid had defaulted by failing to make required monthly payments commencing with the payment due on November 1, 2009. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order [*2]of reference, and the defendants cross-moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, or alternatively, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, granted the aforementioned branches of the plaintiff's motion and denied the defendants' cross motion.
The defendants contend that the Supreme Court failed to state the facts the court deemed essential to its determination, as required by CPLR 4213(b). The defendants' contention is without merit. CPLR 4213 is not applicable under the circumstances of this case, inasmuch as the orders appealed from were not issued after a nonjury trial (see NYCTL 2012-A Trust v 1698 Lex Corp., 169 AD3d 577, 578; see also Nunez v Bardwil, 145 AD3d 909, 910). The controlling provision is CPLR 2219(a), which governs the time and form of an order determining a motion (see NYCTL 2012-A Trust v 1698 Lex Corp., 169 AD3d at 578). CPLR 2219(a) allows broad leeway as to the form of an order, permitting the court to "give the determination or direction in such detail as the judge deems proper" (see Ruderman v City of New York, 142 AD3d 863, 863; Corteguera v City of New York, 179 AD2d 362, 363). Here, the court adequately complied with the requirements of CPLR 2219(a).
The defendants' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and to deny the defendants' cross motion, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, or alternatively, for summary judgment dismissing the complaint insofar as asserted against them.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court